ACCEPTED
04-13-00338-CR & 04-13-00339-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
1/9/2015 5:55:09 PM
KEITH HOTTLE
CLERK

## CAUSE NOS. 04-13-00339-CR

## IN THE FOURTH COURT OF APPEALS OF TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
1/9/2015 5:55:09 PM
KEITH E. HOTTLE
Clerk

## APPEAL OF A JUDGMENT IN TRIAL CAUSE NOS. 11-CRS-272

## FROM THE 229TH DISTRICT COURT OF STARR COUNTY, TEXAS
## PRESIDING JUDGE HON. ANA LISA GARZA

---

## ELIAS ESEQUIEL VASQUEZ, Appellant

## VS.

## THE STATE OF TEXAS, Appellee

---

## APPELLANT'S MOTION FOR REHEARING

---

**Respectfully submitted,**

**Victoria Guerra**
**320 w. Pecan Blvd.**
**McAllen, Texas 78501**
**(956) 618-2609**
**(956) 618-2553 (fax)**
**State Bar Number: 08578900**
**Appellant's Attorney**

MAY IT PLEASE THE COURT:

COMES NOW Elias Esequiel Vasquez, appellant in the above cause, and files this motion for rehearing and would show this Court the following:

There exists a fundamental error in this Court's opinion that skews this Court's analysis and result. Specifically, this Court's opinion was based not on the purported lack of standing of Mr. Vasquez to complain of a violation of his expectation of privacy when the police stole, in violation of the Fourth Amendment to the United States Constitution, the EDR from the GMC Canyon which Mr. Vasquez was driving.

Utilizing *McDuff v. State*, 939 S.W.2d 607, 616 (Tex. Crim. App. 1997), this Court held that Mr. Vasquez voluntarily discarded, left behind, or otherwise relinquished his interest in property so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search. No evidence exists to support this theory that appeared for the first time in the State's brief and was not raised at the trial court by the State.

Abandonment of property occurs only "if the defendant intended to abandon the property and his decision to abandon it was not due to police misconduct." *McDuff*, 939 S.W.2d at 616.

In *Miller v. State*, 335 S.W.3d 847 (Tex. App.—Austin 2011, no pet.) the court drew a distinction between voluntary and involuntary abandonment. In that

case, the defendant, a police officer accidentally left a personal thumb drive which contained child pornography and police activity reports in a patrol-room computer. The court noted in footnote 4 that abandonment of property occurs only if the defendant *intended* to abandon the property and his decision to abandon it was not due to police misconduct (citing *McDuff*, 939 S.W.2d at 616) and it was undisputed that the defendant's abandonment of his thumb drive was unintentional. *See Miller*, 335 S.W.3d at 858.

In *Matthews v. State*, 431 S.W.3d 596 (Tex. Crim. App. 2014), the Court of Criminal Appeals held that the defendant had abandoned the borrowed vehicle when he took off running after the police conducted a stop.

Even the United States Supreme Court has addressed the abandonment issue. In *Abel v. United States*, 362 U.S. 217 (U.S. 1960), the defendant who was illegally present in the United States, and who was under suspicion of espionage by the FBI, was arrested in a hotel room. During the search of the hotel room, a forged birth certificate was found in the trash can of the hotel room. The Court held that it was lawful to seize items thrown away in the wastepaper basket where the defendant had abandoned the articles contained in the basket by throwing them away.

None of those situations exist here which establish intentional abandonment of the vehicle. Mr. Vasquez was lying on the ground at the time of the collision. 14R31, 78. Mr. Vasquez was nonresponsive at the collision scene. 14R32, 78.

District Attorney investigator Trinidad Lopez called for medical assistance. 14R31.

Meanwhile, the State maintained control over the vehicle. On or about January 3, 2012, a subpoena was issued to obtain the EDR from Rey's Auto Parts. CR291; 10R13–14. Although investigator Homer Flores initially obtained the EDR from the wrong vehcile pursuant to a grand jury subpoena, he later obtained the correct EDR without a warrant. 10R14. No evidence exists that Mr. Vasquez intentionally abandoned said vehicle. Even if he wanted to obtain return of the vehicle, he could not have because it was still in the State's custody, as the State needed it to obtain evidence as on January 3, 2012 and thereafter. *Id.*

It should also be strongly noted that the abandonment issue was not raised in the trial court and Mr. Vasquez nor the trial court had no opportunity to address said abandonment issue at said time.

As such, no evidence exists that Mr. Vasquez intentionally abandoned the vehicle at issue.

WHEREFORE, Mr. Vasquez prays that this Court grant Mr. Vasquez's motion for rehearing; set aside it's prior judgment or opinion, set aside the judgment of the trial court, remand this case to the district court for further proceedings, and grant such other relief to which Mr. Vasquez is justly entitled.

Respectfully submitted,

Law Office of Victoria Guerra
320 W. Pecan Blvd.
McAllen, Texas 78501
(956) 618-2609
(956) 618-2553 (facsimile)

By: */s/ Victoria Guerra*
Victoria Guerra
State Bar Number: 0857900
Appellate Attorney for Appellant

## CERTIFICATE OF SERVICE

On this 9th day January, 2015, the undersigned delivered a copy of the foregoing Appellant's brief to Appellee's Counsel jaolson_ccda@yahoo.com or his facsimile: 210-858-6780.

*/s/ Victoria Guerra*
Victoria Guerra, Attorney for Appellant

## CERTIFICATION OF COMPLIANCE

In compliance with TRAP 9.4(i)(3), the undersigned certifies that the number of words in this brief, excluding those matters listed in Rule 9.4(i) (l), is 699.

*/s/ Victoria Guerra*
Victoria Guerra